IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHANGCHANG XIAO, | |
| Plaintiff, | |
| v. | Civil Action No. 23-1238-CFC |
| SLM CORPORATION d/b/a SALLIE MAE, | |
| Defendant. | |

## MEMORANDUM ORDER

Plaintiff Changchang Xiao has sued Defendant SLM Corporation under Title VII of the Civil Rights Act of 1964, the Delaware Discrimination in Employment Act (DDEA), and Delaware common law. D.I. 8 ¶ 2. Xiao, an employee at SLM, alleges in her Amended Complaint that she has been harmed by SLM's "harassment and discrimination on the basis of her sex" and "negligent hiring, retention and supervision of [a] known harasser that [SLM] placed and kept in a supervisory role." D.I. 8 ¶ 1. Pending before me is SLM's motion to dismiss Xiao's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). D.I. 10.

## I. BACKGROUND

The following facts are taken from the Amended Complaint and, for

purposes of deciding the pending motion, are assumed to be true. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).

Xiao was hired by SLM in August 2019 as a Statistical Modeler I. D.I. 8 ¶ 20. Since the beginning of her employment with SLM, Xiao was subjected to verbal and sexual harassment, including "inappropriate and unwanted physical touching," by her manager, Yi Ding. D.I. 8 ¶¶ 23–24.

Ding's harassment of Xiao became significantly worse in October 2022. D.I. 8 ¶ 25. After Xiao applied for a promotion at the suggestion of Ding, she was "subjected to incredibly offensive and very frequent physical touching from [] Ding, including on her back, waist, thigh, breast and buttocks." D.I. 8 ¶¶ 26–27. Ding also "pressured Xiao to 'convince him' that she deserved the promotion." D.I. 8 ¶ 30. Xiao repeatedly objected to Ding's sexual advances, and as a result, Ding threatened to deny Xiao any promotion. D.I. 8 ¶¶ 30–33. Ding would ignore Xiao's struggles to end the harassment and would continue to grope and touch Xiao. D.I. 8 ¶¶ 35–37. Other female employees at SLM also experienced "harass[ment] in some way" by Ding. D.I. 8 ¶ 40.

Xiao reported Ding's sexual harassment to SLM's Human Resources Department on November 2, 2022, about one month after Ding's harassment "intensified" and one week after Ding threatened Xiao that "they would not be talking about any promotion anymore" if she continued to object to the harassment.

D.I. 8 ¶¶ 41, 47–48. SLM subsequently investigated the allegations against Ding. D.I. 8 ¶ 50. The investigation "confirmed [] Xiao's report of sexual harassment and assault" and that Ding had engaged in similar conduct toward another employee. D.I. 8 ¶¶ 50–51.

After reporting the harassment, Xiao "informed Human Resources that she did not want to return to the office because the work environment caused her substantial stress and anxiety[.]" D.I. 8 ¶ 56. SLM placed Xiao on administrative leave for seven days and allowed her to work remotely until January 3, 2023, although Xiao had requested a longer period of time to work remotely. D.I. 8 ¶¶ 57–58. SLM subsequently terminated Ding for reasons unrelated to the harassment. D.I. 8 ¶¶ 65–68. In February 2023, Xiao was promoted to Statistical Modeling Manager. D.I. 8 ¶ 69.

## II.   LEGAL STANDARDS

To state a claim upon which relief can be granted a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must set forth enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

In each of Count I (under Title VII) and Count II (under the DDEA) of the Amended Complaint Xiao asserts three claims: (1) sex discrimination, (2) *quid pro quo* harassment, and (3) creating and allowing a hostile work environment. *See* D.I. 8 ¶¶ 77–86. DDEA claims are analyzed under the same standard as Title VII claims. *See Hyland v. Smyrna Sch. Dist.,* 608 F. App'x 79, 83 n.5 (3d Cir. 2015) (instructing that "because the standards under Title VII and the DDEA are generally the same, [a plaintiff's] inability to survive summary judgment under Title VII dooms her claim under the DDEA"); *Wooten v. City of Wilmington*, 2021 WL 411707 (D. Del. Feb. 5, 2021) (stating that "Title VII and the DDEA are evaluated under the same framework[,] as their language is virtually identical") (citation omitted). In Count III, Xiao alleges claims of "negligent hiring, negligent retention and negligent/inadequate supervision" under Delaware common law. D.I. 8 at 11–12 (capitalization removed).

A.   **Sex Discrimination and *Quid Pro Quo* Harassment Claims**

SLM argues first that Xiao has failed to state claims for sex discrimination and *quid pro quid* harassment because she has not alleged an adverse employment action taken by SLM. *See* D.I. 11 at 10 ("Because the Amended Complaint fails to establish Xiao suffered an adverse employment action on the basis of her sex, she has failed to state a claim for sex discrimination."); D.I. 11 at 11 ("Xiao has not alleged any adverse employment action and the Amended Complaint therefore fails to state a *quid pro quo* claim."). In support of this argument, SLM cites in its briefing *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323 (3d Cir. 2015). The Third Circuit held in *Jones* that an adverse employment action is "an action by an employer that is serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment." *Id.* at 326 (quotation and citation omitted).

Three weeks after the parties completed their briefing, the Supreme Court issued *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024). Neither party noted in its briefing that the Supreme Court had granted certiorari in *Muldrow* last year, and neither party brought *Muldrow* to my attention as subsequent authority even though they were permitted to do so under Local Rule 7.1.2(b). Last month, in *Peifer v. Bd. of Prob. & Parole*, 106 F.4th 270 (3d Cir. 2024), the Third Circuit stated that "the Supreme Court held in [*Muldrow*] that, contrary to [its] prior

5

precedent, an employee need not demonstrate that the asserted adverse employment action was a 'serious and tangible' employment-related harm." *Id.* at 277 (citations omitted). The Third Circuit identified *Jones* and another case as its prior precedent that had been overruled by *Muldrow*. *See id.*

Since neither party has addressed whether Xiao has alleged an adverse employment action under the new standard in *Muldrow*, insofar as SLM's motion seeks dismissal of Xiao's sex discrimination and *quid pro quo* harassment claims in Counts I and II, I will deny the motion without prejudice and order the parties to meet and confer about whether Xiao has alleged an adverse employment action under *Muldrow*.

### B. Hostile Work Environment Claims

SLM argues next that Xiao fails to state a hostile work environment claim. D.I. 11 at 13–18. "To succeed on a hostile work environment claim, the plaintiff must establish that (1) the employee suffered intentional discrimination because of []her sex, (2) the discrimination was severe or pervasive, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person in like circumstances, and (5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (citation omitted).

6

SLM argues that "[t]he Amended Complaint fails to satisfy the fifth factor" because of "SLM's entitlement to the protection of the *Faragher-Ellerth* defense." D.I. 11 at 13–14. "In the companion cases of *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), the U.S. Supreme Court established standards for when an employee who was harassed in the workplace by a supervisor may impute liability to the employer." *Minarsky v. Susquehanna Cnty.*, 895 F.3d 303, 310 (3d Cir. 2018). If a supervisor's harassment resulted in a "tangible employment action," then the employer is strictly liable. *Id.* But if the harassed employee did not suffer a tangible employment action, "the employer can avoid liability by asserting the *Faragher-Ellerth* affirmative defense." *Id.* To succeed on this defense, an employer must show "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher*, 524 U.S. at 807; *Ellerth*, 524 U.S. at 765. SLM says that it is entitled to the *Faragher-Ellerth* defense because it "exercised reasonable care and promptly corrected Ding's harassing behavior" and Xiao failed to "take advantage of SLM's preventive or corrective opportunities[.]" D.I. 11 at 13–18.

7

The *Faragher-Ellerth* defense is available to SLM because Xiao does not allege a tangible employment action in her Amended Complaint. *See Ellerth*, 524 U.S. at 761 ("A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."). But although an affirmative defense may be raised at the motion to dismiss stage of a case if the defense is apparent from the face of the complaint, when, as here, the affirmative defense requires factual development, the defense should be asserted in responsive pleadings, not in a pre-answer motion to dismiss. *See Bethel v. Jendoco Const. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (holding that if an affirmative defense "is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)"); *Polenik v. Yellen*, 2024 WL 1466783, at *6 (M.D. Pa. Apr. 4, 2024) (denying a motion to dismiss a hostile work environment claim because "facts and matters outside the complaint are necessary to apply the *Faragher-Ellerth* defense and to establish whether reasonable care was used by both parties in their handling of [the] alleged sexual harassment"); *see also Hauff v. State Univ. of New York*, 425 F. Supp. 3d 116, 137 (E.D.N.Y. 2019); *Franovich v. Hanson*, 687 F. Supp. 3d 670, 687 (D. Md. 2023). In this case, factual development is necessary because the Amended Complaint sheds no light on the specifics of SLM's investigation into

8

Ding's conduct, whether SLM required Ding to stop his harassing behavior, and whether SLM terminated Ding in part to stop the harassment. *See* D.I. 8 ¶¶ 47–68.

Therefore, I will not dismiss the hostile work environment claims in Counts I and II.

### C. Statute of Limitations

SLM argues that "[b]ecause any allegedly discriminatory acts that occurred before June 9, 2022 are time-barred, the Court should not consider them and should dismiss Xiao's claims to the extent they are premised on any such alleged acts." D.I. 11 at 19. In its answering brief, Xiao countered that "a significant majority of acts of sexual harassment and assault occurred on June 9, 2022 or thereafter, and thus, according to [SLM] itself, are unquestionably not time-barred." D.I. 14 at 15. SLM did not address Xiao's argument in its reply brief. *See* D.I. 15. Accordingly, I will not dismiss any count as outside the statute of limitations.

### D. Negligent Hiring, Negligent Retention and Negligent/Inadequate Supervision Claims

SLM argues that Xiao's claims in Count III for "negligent hiring, negligent retention and negligent/inadequate supervision" under Delaware common law should be denied under the Delaware Workers' Compensation Act (DWCA). D.I. 11 at 20–21.

9

Unless the DWCA expressly excludes a cause of action against an employer from its scope, the DWCA is the exclusive remedy for an employee to recover compensation for a personal injury arising out of or during the course of the employee's work for that employer. *See Konstantopoulos v. Westvaco Corp.*, 690 A.2d 936, 939 (Del. 1996) (holding that "[b]ecause the [DWCA] does not contain any provision excluding sexual harassment claims," the DWCA is the exclusive remedy for such claims under Delaware law and therefore "an employee cannot maintain a common law action against her employer for personal injury caused by the on-job sexual harassment by co-employees"). Xiao argues that her claims for negligent hiring, negligent retention, and negligent supervision are excluded from the scope of the DWCA because "'Delaware has recognized an exception to the Workers' Compensation Exclusivity Doctrine for acts that involve intent by the employer to injure the employee.'" D.I. 14 at 18 (quoting *Segura v. M Cubed Techs., Inc.*, 2019 WL 1504048, at *2 (Del. Super. Ct. Apr. 4, 2019).

The problem with this argument is that Xiao did not accuse SLM of intentional acts in her Amended Complaint. On the contrary, as the title Xiao gave to Count III and the allegations in the Amended Complaint make clear, Xiao accuses SLM of *negligent* hiring, *negligent* retention, and *negligent* supervision. *See* D.I. 8 at 11; *see also* D.I. 8 ¶ 89 (alleging that SLM "had reason to know or in the exercise of reasonable care should have known that [] Ding had an undue

10

tendency to engage in harassment and/or cause harm to others"); D.I. 8 ¶ 90 (alleging that SLM "negligently hired [] Ding despite a history of harassment and placed him in a supervisory role over certain employees"); D.I. 8 ¶ 92 (alleging that "it was reasonably foreseeable to [SLM] that [] Ding would engage in harassment and/or tortious behavior"); D.I. 8 ¶ 93 (alleging that SLM "was negligent in the employment of [] Ding, which involved the risk of harm to others, and particularly so in giving [] Ding supervision and a position of authority over these employees"); D.I. 8 ¶ 94 (alleging that SLM "knew and/or should have known of [] Ding's history of harassment, Defendant failed to properly supervise and/or negligently supervised [] Ding").

Accordingly, Xiao's claims for negligent hiring, retention, and supervision are precluded as a matter of law by the DWCA, and I will dismiss Count III.

\* \* \* \*

NOW THEREFORE, at Wilmington on this Twenty-second day of August in 2024, it is **HEREBY ORDERED** that:

1. The Motion of Defendant, SLM Corporation d/b/a Sallie Mae, To Dismiss Plaintiff's Amended Complaint (D.I. 10) is **GRANTED IN PART** and **DENIED IN PART**;

2. The Motion is **DENIED WITHOUT PREJUDICE** insofar as it seeks dismissal of the sex discrimination and *quid pro quo* harassment claims in Counts I and II;

3. The Motion is **DENIED** insofar as it seeks dismissal of the hostile work environment claims in Counts I and II;

4. The Motion is **GRANTED** insofar as it seeks dismissal of Count III;

5. Count III is **DISMISSED**; and

6. The Parties are directed to meet and confer about whether Plaintiff has pleaded an adverse employment action under *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346 (2024) and to file no later than September 11, 2024 a joint status report informing the Court of the results of the parties' efforts to meet and confer.

                                                                                     CHIEF JUDGE